**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

**RHONDA R.,**

          **Plaintiff,**

  v.                           **Civil Action 1:25–cv–303
                                    Magistrate Judge Kimberly A. Jolson**

**COMMISSIONER OF
SOCIAL SECURITY,**

          **Defendant.**

**OPINION AND ORDER**

Plaintiff Rhonda R. brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court **OVERRULES** Plaintiff's Statement of Errors (Doc. 9) and **AFFIRMS** the Commissioner's decision.

**I.    BACKGROUND**

Plaintiff protectively applied for DIB and SSI on September 29, 2022, alleging disability beginning April 14, 2019, due to generalized anxiety disorder, major depressive disorder, and obsessive–compulsive disorder. (R. at 212–18, 219–25, 245, 260). After her applications were denied initially and on reconsideration, Administrative Law Judge ("ALJ") Leslie Perry–Dowdell held a video hearing on February 27, 2024. (R. at 33–65, 115–24, 126–33). Prior to the hearing, Plaintiff amended her alleged onset date to May 28, 2021. (R. at 17 (citing to R. 323)). The ALJ denied benefits in a written decision on April 30, 2024. (R. at 14–32). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. (R. at 1–6).

Plaintiff filed the instant case seeking a review of the Commissioner's decision on May 9, 2025 (Doc. 1), and the Commissioner filed the administrative record on July 10, 2025 (Doc. 8). The parties briefed the matter, and it is ripe for consideration.  (Docs. 9, 13, 14).

### A.      The Administrative Record

In her opinion, the ALJ summarized Plaintiff's statements to the agency, hearing testimony, and Plaintiff's medical records and symptoms.  (R. at 20–24).  She also summarized and evaluated the medical source opinions and prior administrative medical findings.  (*Id.* at 24–26).  Rather than repeat these summaries, the Court will focus on the evidence pertinent to Plaintiff's assigned error below.

### B.      The ALJ's Decision

The ALJ found that Plaintiff meets the insured status requirements through June 30, 2026. (R. at 20).  She determined that Plaintiff has not engaged in substantial gainful activity since May 28, 2021, the alleged onset date.  (*Id.*)  The ALJ determined that Plaintiff suffered from the severe impairments of "major depressive disorder and generalized anxiety disorder."  (*Id.*).  The ALJ, however, found that none of Plaintiff's impairments, either singly or in combination, met or medically equaled a listed impairment.  (*Id.* at 21).

As to Plaintiff's residual functional capacity ("RFC"), the ALJ opined:

> [Plaintiff] has the residual functional capacity to perform work at all exertional levels but with the following nonexertional limitations:
> - able to understand, remember, and carry out verbal, written and demonstrated instructions; however, work–related decision making is limited to occasional;
> - there will be no requirement for the performance of work demanding a specific production rate such as assembly line work or work requiring an hourly quota;
> - the work will be self–paced and not paced by a machine;
> - the work will be in a stable work environment where the workplace and work process will remain generally the same from day to day; and
> - there will be only occasional interaction with the public, coworkers and

supervisors.

(*Id.* at 22).

Upon "careful consideration of the evidence," the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (*Id.* at 23). Accepting the vocational expert's testimony, the ALJ concluded that Plaintiff is unable to perform her past relevant work as a home attendant or secretary. (*Id.* at 26–27). Considering her age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as a hand packager, sweeper, or farm worker. (*Id.* at 27–28). Consequently, the ALJ concluded that Plaintiff has not been disabled within the meaning of the Social Security Act since May 28, 2021. (*Id.* at 28).

## II.    STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015) (citation and quotations omitted); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Olive v. Comm'r of Soc. Sec.*, No. 3:06–CV–1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

3

**III.    DISCUSSION**

Plaintiff asserts the ALJ erred by failing to label her lumbar impairment as severe at step two of the sequential evaluation.  (Doc. 9 at 7–12).  Plaintiff further argues that the ALJ's error resulted in her failure "to consider the Plaintiff's physical medically determinable impairment in the evaluation of the RFC."  (*Id.* at 10).  The Commissioner counters that the ALJ's finding that Plaintiff's lumbar impairment was not a severe impairment during the relevant period is not a reversible error and substantial evidence supports the crafted RFC.  (*Id.* at 7–10).

An ALJ must make several determinations at step two.  First, an ALJ considers if a claimant's impairment constitutes a "medically determinable" impairment, or an impairment that results from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques.  20 C.F.R. §§ 404.1520; 404.1521.  A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source."  20 C.F.R. § 404.1521.  Additionally, it must meet the durational requirement.  20 C.F.R. § 404.1509.  "If an alleged impairment is not medically determinable, an ALJ need not consider that impairment in assessing the RFC."  *Rieder v. Comm'r of Soc. Sec.*, No. 2:20–CV–5858, 2021 WL 5881784, at *4 (S.D. Ohio Dec. 13, 2021), *report and recommendation adopted*, No. 2:20–CV–5858, 2021 WL 6197808 (S.D. Ohio Dec. 30, 2021) (quoting *Moore v. Comm'r of Soc. Sec.*, No. 2:20–CV–5114, 2021 WL 5149714, at *7 (S.D. Ohio Nov. 5, 2021)).  "Plaintiff has the burden of proving the existence of a medically determinable impairment."  *Id.* (quoting *Moore*, 2021 WL 5149714, at *7).

If an impairment is medically determinable, then an ALJ must determine whether it is severe.  *Id.*  A "severe impairment" is defined as "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities . . . ."

4

20 C.F.R. § 404.1520(c).  The finding of at least one severe impairment at step two is merely a "threshold inquiry," the satisfaction of which prompts a full investigation into the limitations and restrictions imposed by all the individual's impairments.  *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007).  "And when an ALJ considers all of a [plaintiff]'s impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error.'"  *Id.* (quoting *Maziarz v. Sec'y of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

To begin, as the Commissioner correctly notes, the ALJ's failure to find Plaintiff's lumbar impairment severe is not a reversible error.  The ALJ found that Plaintiff had the following severe impairments: major depressive disorder and generalized anxiety disorder.  (R. at 20).  In such a situation, the inquiry is whether the ALJ considered all of Plaintiff's limitations in crafting the RFC.  *Fisk*, 253 F. App'x at 583.  Here, as detailed below, the record shows that the ALJ considered all of Plaintiff's limitations.  Accordingly, Plaintiff's complaint that the ALJ should have found her lumbar impairment severe does not help her.  (*See* Doc. 9 at 7–10).

Plaintiff's other arguments fare no better.  She asserts that: (1) the ALJ did not specifically reference Plaintiff's lumbar impairment in crafting the RFC, and (2) even if she did, there is not substantial evidence to support her determination that Plaintiff's lumbar impairment did not cause any functional limitations is incorrect.  (*Id.* at 11).

Contrary to Plaintiff's first point, in determining Plaintiff's RFC the ALJ expressly discussed Plaintiff's complaints of lumbar pain, lumbosacral spine x-rays, and her back-related treatment:

> The claimant attended a consultative examination in January 2023. At that time, she complained of "severe low back pain." Lumbosacral spine x-rays revealed only *minimal* degenerative changes. Consultative examination documented "some difficulty" squatting and walking on the heels and toes, decreased lumber range of

motion, and "moderately restricted" straight leg raising, but also normal strength, gait, and station. Later records show that the claimant did not consistently complain of back pain, and a careful review of the record shows that she neither sought nor received ongoing treatment for the same during the period under adjudication (*see e.g.*, Exhibits 3F/4, 10; 5F/28 noting that the claimant denied back pain, limited range of motion, and/or gait disturbance). Based on the record in its entirety, the evidence fails to establish that this condition significantly limited the claimant's ability to perform basic work activities for a continuous period of not less than twelve months. The undersigned therefore finds that it is nonsevere.

\*\*\*

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

\*\*\*

As for medical opinion(s) and prior administrative medical finding(s), the undersigned cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources. The undersigned has fully considered the medical opinions and prior administrative medical findings as follows:

State agency medical consultant, Gerald Klyop, M.D., determined in February 2023 that the claimant could perform light work, with additional limitations. He determined that the claimant could occasionally climb ladders, ropes, or scaffolds and frequently climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. (Exhibits 2A and 3A) State agency medical consultant, Diane Manos, M.D., affirmed this determination in April 2023 (Exhibits 5A and 7A). The undersigned does not find the foregoing prior administrative medical findings persuasive because they are inconsistent with and without substantial support from the record as a whole (*please see preceding paragraphs*). While consultative examination documented limited positive findings, lumbosacral spine x-rays showed only *minimal* degenerative changes (Exhibit 2F). Later records show that the claimant did not receive ongoing treatment for back pain or related impairment(s) during the period under adjudication. Rather, treatment records indicate that she denied pain, limited range of motion, and/or gait difficulties (*see e.g.*, Exhibits 3F/4, 10; 5F/28). Consistently, the claimant indicated in written statements and/or medical records that she was able to clean out flower beds, sweep, mop, vacuum, and take out the trash (Exhibits 5E and 3F). Based on the record in its entirety, the evidence fails to establish physical impairments that significantly limited the claimant's ability to perform basic work activities for a continuous period of not less than twelve months.

6

> Consultative medical examiner, Olayinka Aina, M.D., found in January 2023 that the claimant "should be able to lift, pull, and push occasionally about 30 pounds, frequently about 20 pounds." He also found that prolonged standing and sitting for more than 90 minutes might be affected. (Exhibit 2F) The undersigned does not find this opinion persuasive because it is inconsistent with the record as a whole and because it is without substantial support from explanation or relevant evidence (*please see preceding paragraphs*). As discussed in detail above, the evidence fails to establish physical impairments that significantly limited the claimant's ability to perform basic work activities for a continuous period of not less than twelve months (*please see preceding paragraph*). Consultative examination documented limited findings, and lumbosacral spine x-rays showed only *minimal* degenerative changes (Exhibit 2F). As noted previously, later records showed that the claimant did not receive ongoing treatment for back pain or related impairment(s) during the period under adjudication; rather, she denied pain, limited range of motion, and/or gait difficulties (*see e.g.*, Exhibits 3F/4, 10; 5F/28). Further, the claimant indicated in written statements and/or medical records that she was able to clean out flower beds, sweep, mop, vacuum, and take out the trash (Exhibits 5E and 3F).

(R. at 20, 23–25 (emphasis in original)).

Even more, within this discussion, there is substantial evidence to support the ALJ's decision to omit functional limitations because of Plaintiff's lumbar impairment. The ALJ explained why she found the medical opinions and prior administrative findings that Plaintiff should be limited in some way by her back pain unpersuasive. The ALJ compared the medical opinions and prior administrative findings of Dr. Klyop, Dr. Manos, and Dr. Aina to the record as a whole, including treatment notes, Dr. Cook's evaluation of her x-rays, and Plaintiff's description of her physical activity abilities. (*Id.*). Regarding Dr. Klyop and Dr. Manos' opinions, the ALJ found that they were "inconsistent with and without substantial support from the record as a whole . . . ." (*Id.* at 24–25). As for Dr. Aina's finding, the ALJ concluded that it was "inconsistent with the record as a whole and because it is without substantial support from explanation or relevant evidence . . . ." (*Id.* at 25).

In sum, the ALJ considered Plaintiff's lumbar impairment in crafting the RFC, and the Court finds the ALJ's conclusion that Plaintiff's lumbar impairment did not support functional

limitations is supported by substantial evidence. Accordingly, Plaintiff's assignment of error is without merit.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Statement of Errors (Doc. 9) is **OVERRULED** and that judgment be entered in favor of Defendant.

IT IS SO ORDERED.

Date: March 30, 2026             *s/ Kimberly A. Jolson*
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE